**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AHZAR SAIYED, Individually and as | ) | |
| Administrator of the Estate of | ) | |
| MIKAZNAAZ SAIYED, deceased | ) | |
| and as Father and Next Friend of | ) | |
| HOORAYN SAIYED, a Minor | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | No.: |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S COMPLAINT AT LAW**

Plaintiff, AZHAR SAIYED, Individually and as Administrator of the Estate of MIKAZNAAZ SAIYED, deceased and as Father and Next Friend of HOORAYN SAIYED, a Minor, and complaining against the Defendant, UNITED STATES of AMERICA states as follows:

**FACTS COMMON TO ALL COUNTS**

1.      Plaintiff, AZHAR SAIYED has been appointed the Independent Administrator of the Estate of MIKAZNAAZ SAIYED, deceased, by the Circuit Court of the COOK COUNTY, State of Illinois. (*See* Exhibit A.)

2.      At all times pertinent, Swedish Covenant Hospital, through its agents, servants, and employees, owned, operated, maintained, and controlled a certain hospital, where it made facilities available to persons in need of medical treatment and surgical procedures.

3.      At all times pertinent, Swedish Covenant Hospital was an Illinois corporation doing business in the County of Cook, State of Illinois.

4.      At all times pertinent, Swedish Covenant Health, through its agents, servants, and employees, owned, operated, maintained, and controlled a certain hospital,where it made facilities available to persons in need of medical treatment and surgical procedures.

5.      At all times pertinent, Swedish Covenant Health was an Illinois corporation doing business in the County of Cook, State of Illinois.

6.      At all times pertinent, Swedish Covenant ManagementServices, Inc. through its agents, apparent agents, servants, and employees, owned, operated, maintained, and controlled a certain hospital, where it made facilities available to persons in need of medical treatment and surgical procedures.

7.      At all times pertinent, Swedish Covenant Management  Services, Inc. was an Illinois corporation doing business in the County of Cook, State of Illinois.

8.      Swedish Covenant Health manages and/or operates Swedish Covenant Hospital.

9.      Swedish Covenant Health owns in whole or in part SwedishCovenant Health.

10.     Swedish Covenant Health has officers/managers in common with Swedish Covenant Hospital.

11.     Swedish Covenant Health manages and/or operates Swedish Covenant Medical Services, Inc.

12.     Swedish Covenant Health has officers/managers in common with Swedish Medical Services, Inc.

13.     On May 29, 2019, MIKAZNAAZ SAIYED was admitted to Swedish Covenant Hospital for induction of labor and delivery of her daughter, HOORAYN SAIYED.

14.     On May 29, 2019, MIKAZNAAZ SAIYED was admitted to Swedish Covenant Health for induction of labor and delivery of her daughter, HOORAYN SAIYED.

15.     While a patient at Swedish Covenant Health, MIKAZNAAZ SAIYED came under the care of physician, SARAH LAMBETH, M.D, thereby establishing a physician-patient relationship.

16.     While a patient at Swedish Covenant Health, MIKAZNAAZ SAIYED came under care of CARLY BENDZANS, R.N, a nursing midwife, thereby establishing a nursing-patient relationship.

17.     While a patient at Swedish Covenant Hospital, MIKAZNAAZ SAIYED came under the care of physician, SARAH LAMBETH, M.D, thereby establishing a physician-patient relationship.

18.     While a patient at Swedish Covenant Hospital, MIKAZNAAZ SAIYED came under care of CARLY BENDZANS, R.N, a nursing midwife, thereby establishing a nursing-patient relationship.

19.     At all times relevant to this Complaint, SARAH LAMBETH, M.D. was  an employee or agent of Defendant UNITED STATES OF AMERICA.

20.     At all times relevant to this Complaint, SARAH LAMBETH, M.D. was an apparent agent of Defendant UNITED STATES OF AMERICA

21.     At all times relevant to this Complaint, CARLY BENDZANS, R.N. was an employee or agent of Defendant UNITED STATES OF AMERICA.

22.     At all times relevant to this Complaint, CARLY BENDZANS, R.N. was an apparent agent of Defendant UNITED STATES OF AMERICA.

23.     At all times relevant to this Complaint, Swedish Covenant Health, through its employees, agents, and/or apparent agents including but not limited to physicians, doctors, nurses, nursing aides, midwives, techs, assistants, and/or staff provided care of and to MIKAZNAAZ SAIYED and HOORAYN SAIYED at or near the time of the induction of labor and delivery of HOORAYN SAIYED.

24.     At all times relevant to this Complaint, Swedish Covenant Hospital, through its employees, agents, and/or apparent agents including but not limited to physicians, doctors, nurses, nursing aides, midwives, techs, assistants, and/or staff provided care of and to MIKAZNAAZ SAIYED and HOORAYN SAIYED at or near the time of the induction of labor and delivery of HOORAYN SAIYED.

25.     At all times relevant to this Complaint, Swedish Covenant Management Services, Inc., through its employees, agents, and/or apparent agents including but not limited to physicians, doctors, nurses, nursing aides, midwives, techs, assistants, and/or staff provided care of and to MIKAZNAAZ SAIYED and HOORAYN SAIYED at or near the time of the induction of labor and delivery of HOORAYN SAIYED.

26.     On May 29, 2019 and/or May 30, 2019 MIKAZNAAZ SAIYED was given drugs to induce and hasten labor.

27.     On May 29, 2019 and/or May 30, 2019 MIKAZNAAZ SAIYED experienced abnormal uterine contractions.

28.     On May 29, 2019 and/or May 30, 2019 HOORAYN SAIYED demonstrated fetal intolerance to labor and or fetal distress.

29.     On May 29, 2019 and/or May 30, 2019 MIKAZNAAZ SAIYED and according to the defendant's medical record allegedly suffered from an amniotic fluid embolism.

30.     On May 29, 2019 and/or May 30, 2019 MIKAZNAAZ SAIYED was operated via an emergency cesarean section to deliver HOORAYN SAIYED.

31.     Just prior to and/or during delivery HOORAYN SAIYED suffered a brain injury and sequelae therefrom.

32.     On May 30, 2019, MIKAZNAAZ SAIYED was transferred from the Swedish Covenant facilities to another facility where she eventually died on June 2, 2019

33.     This Court has jurisdiction of the action pursuant to 28 U.S.C.A. §§ 1331, 1346(b) and 2671, et seq.

34.     Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Northern District of Illinois. Moreover, upon information and belief, all parties resides in this judicial district or resided in

5

this judicial district at the time these events took place.

## COUNT I – SURVIVAL ACTION
## MIKAZNAAZ SAIYED
## <u>UNITED STATES OF AMERICA</u>

1-34. Paragraphs 1 through 34 of this Complaint at Law are hereby incorporated by reference as if they were fully set forth herein as paragraphs 1 through 34 of Count I.

35.  At all times pertinent to this Complaint, Defendant, UNITED STATES OF AMERICA, through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N. and SARAH LAMBETH, M.D. were under certain duties imposed by law.

36.  At all times pertinent to this Complaint, Defendant, UNITED STATES OF AMERICA, through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N., and SARAH LAMBETH, M.D were negligent in the care and treatment of Plaintiff's decedent in one or more of the following respects:

    a.  Failed to properly and/or timely monitor the Plaintiff;

    b.  Failed to properly and/or timely physically examine the Plaintiff;

    c.  Improperly prescribed and used medications used to induce and hasten labor;

    d.  Failed to properly and timely discontinue medications used to induce and hasten labor;

    e.  Improperly supervised the administration of medications used to induce and hasten labor;

    f.  Failed to properly supervise the labor;

    g.  Failed to properly and timely respond to uterine/labor abnormalities:

    h.  Failed to properly and/or timely respond to fetal intolerance/distress;

    i.  Failed to properly and/or timely respond to non-reassuring fetal heart tracings;

6

j.   Failed to appreciate and/or respond to the dangers of non-reassuring fetal heart tracings;

k.   Failed to properly and/or timely treat the Plaintiff;

l.   Failed to properly and/or timely respond to the Plaintiff's condition, findings and tests;

m.   Failed to properly and/or timely communicate with other medical professionals or staff;

n.   Failed to order proper tests or studies,

o.   Failed to obtain proper and/or timely consultations;

p.   Improperly allowed a nursing midwife to direct and supervise this labor;

q.   Failed to develop, promulgate, institute, or enforce rules, guidelines or policies and procedures with respect to care and management of patients undergoing labor and delivery;

r.   Failed to develop, promulgate, institute, or enforce safe and proper rules, guidelines or policies and procedures with respect to care and management of patients with abnormal and/or prolonged labor;

s.   Failed to provide an obstetrician for the Plaintiff's decedent to physically direct and supervise her labor;

t.   Failed to supervise, direct, or oversee its employees, agents, or apparent agents during labor and delivery;

u.   Entrusted the care and treatment of decedent to incompetent, inadequately trained and/or unskilled nurses and/physicians;

v.   Failed to properly investigate and determine the competence, training and/or skill of members of its nursing and physician staff;

w.   Failed to provide competent and capable nursing and professional care and services to Plaintiff;

x.   Was otherwise careless and negligent;

37.   That as a direct and proximate cause of one or more of the foregoing acts of negligence

of Defendant, UNITED STATES OF AMERICA, through its employees, agents, or apparent

agents including but not limited to CARLY BENDZANS, R.N. and SARAH LAMBETH, M.D.,

7

Plaintiff's decedent, MIKAZNAAZ SAIYED, suffered injury which caused her disability, loss of normal life, disfigurement, pain, mental anguish, suffering and caused her to incur medical expenses, be absent from her employment and aggravated her underlying condition, all to her damage.

38.     Attached hereto and made a part hereof is Plaintiff's medical report pursuant to Section 2-622 of the Illinois Code of Civil Procedure. (Exhibit B)

39.     On October 15, 2020, Plaintiff's counsel forwarded to the U.S. Department of Health and Human Services Via Certified Mail and Fedex Plaintiff's Claim Form 95 with Exhibits.

40.     On April 6, 2021, Plaintiff's counsel received a letter from the U.S. Department of Health and Human Services denying Plaintiff's Claim Form 95 with Exhibits. (Exhibit C)

41.     As such, Plaintiff has now exhausted his administrative remedies under the Federal Torts Claims Act and in accordance with Judge Dow's Order, dismissing this matter against the United States without prejudice, this matter is now ripe for filing against the UNITED STATES of AMERICA. (Exhibit D).

WHEREFORE, Plaintiff, MIKAZNAAZ SAIYED, prays for judgment against the Defendants, UNITED STATES OF AMERICA in an amount in excess of $75,000 plus costs.


### COUNT II - WRONGFUL DEATH
### MIKAZNAAZ SAIYED
### UNITED STATES OF AMERICA

1-39.     Paragraphs 1-41 of Count I are hereby incorporated by reference  as if they were fully set forth herein as Paragraphs 1-41 of Count II.

40.         As a direct and proximate cause of the aforementioned acts of negligence on the part of the Defendants, UNITED STATES OF AMERICA., through its employees, agents, and/or

8

apparent agents including but not limited SARAH LAMBETH, M.D., and CARLY BENDZANS R.N. Plaintiff's decedent, MIKAZNAAZ SAIYED, suffered severe, painful, disabling and permanent injuries to her person, which ultimately resulted in her death on June 2, 2019.

42.    At the aforementioned time, there was, in full force and effect, the Illinois Wrongful Death Act. 740 ILCS 180/1 (WEST 2008).

43.    That Plaintiff's decedent, left surviving the following heirs-at-law who have sustained pecuniary injury as a result of the decedent's untimely death, including but not limited to loss of money, goods, services, society, and support, and further has caused them grief, sorrow, mental anguish, and loss of consortium.

      a. Azhar Saiyed
      b. Muhammad Saiyed
      c. Hoorayn Saiyed

44.    Attached hereto and made a part hereof is Plaintiff's medical report pursuant to Section 2-622 of the Illinois Code of Civil Procedure. (Exhibit B)

WHEREFORE, AZHAR SAIYED, as Independent Administrator of the Estate of MIKAZNAAZ SAIYED, deceased, prays for judgment in his favor and against Defendant, UNITED STATES OF AMERICA  in an amount in excess of $75,000 plus costs.

### COUNT III - NEGLIGENCE
### HOORAYN SAIYED
### <u>UNITED STATES OF AMERICA</u>

1-34. Paragraphs 1 through 34 of this Complaint at Law are hereby incorporated by reference herein as if they were fully set forth herein as paragraphs 1 through 34 of Count III.

35. At all times pertinent to this Complaint, Defendant,  UNITED STATES OF

AMERICA through its employees, agents, or apparent agents including but not limited to CARLY

BENDZANS, R.N. and SARAH LAMBETH, M.D. was under certain duties imposed by law.

36. At all times pertinent to this Complaint, Defendant, UNITED STATES OF

AMERICA through its employees, agents, or apparent agents including but not limited to

CARLY BENDZANS, R.N. and SARAH LAMBETH, M.D. was negligent in the care and

treatment of HOORAYN SAIYED in one or more of the following respects:

a.  Failed to properly and/or timely monitor the Plaintiff;

b.  Failed to properly and/or timely physically examine the Plaintiff;

c.  Improperly prescribed and used medications used to induce and hasten labor;

d.  Failed to properly and timely discontinue medications used to induce and hasten labor;

e.  Improperly supervised the administration of medications used to induce and hasten labor;

f.  Failed to properly supervise the labor;

g.  Failed to properly and timely respond to uterine/labor abnormalities:

h.  Failed to properly and/or timely respond to fetal intolerance/distress;

i.  Failed to properly and/or timely respond to non-reassuring fetal heart tracings;

j.  Failed to appreciate and/or respond to the dangers of non-reassuring fetal heart tracings;

k.  Failed to properly and/or timely treat the Plaintiff;

l.  Failed to properly and/or timely respond to the Plaintiff's condition, findings and tests;

m.  Failed to properly and/or timely communicate with other medical professionals or staff;

n.  Failed to order proper tests or studies,

o.  Failed to obtain proper and/or timely consultations;

p.  Improperly allowed a nursing midwife to direct and supervise this labor;

10

q.  Failed to develop, promulgate, institute, or enforce rules, guidelines or policies and procedures with respect to care and management of patients undergoing labor and delivery;

r.  Failed to develop, promulgate, institute, or enforce safe and proper rules, guidelines or policies and procedures with respect to care and management of patients with abnormal and/or prolonged labor;

s.  Failed to provide an obstetrician for the Plaintiff' decedent to physically direct and supervise her labor;

t.  Failed to supervise, direct, or oversee its employees, agents, or apparent agents during labor and delivery;

u.  Entrusted the care and treatment of decedent to incompetent, inadequately trained and/or unskilled nurses and/physicians;

v.  Failed to properly investigate and determine the competence, training and/or skill of members of its nursing and physician staff;

w.  Failed to provide competent and capable nursing and professional care and services to Plaintiff;

x.  Was otherwise careless and negligent;

37.   That as a direct and proximate cause of one or more of the foregoing acts of negligence of Defendant, UNITED STATES OF AMERICA, through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N. and SARAH LAMBETH, M.D., HOORAYN SAIYED, suffered severe and permanent injuries which have caused great pain and suffering, disability, disfigurement, mental anguish, and loss of a normal life and will interfere with her ability in the future to obtain gainful employment and has forced her, and will continue to force her, to incur medical expenses.

38.     Attached hereto and made a part hereof is Plaintiff's medical report pursuant to Section 2-622 of the Illinois Code of Civil Procedure. (Exhibit B)

39.   On October 15, 2020, Plaintiff's counsel forwarded to the U.S. Department of Health

and Human Services Via Certified Mail and Fedex Plaintiff's Claim Form 95 with

Exhibits.

40.    On April 6, 2021, Plaintiff's counsel received a letter from the U.S. Department of

Health and Human Services denying Plaintiff's Claim Form 95 with Exhibits. (Exhibit C)

41.    As such, Plaintiff has now exhausted his administrative remedies under the Federal

Torts Claims Act and in accordance with Judge Dow's Order, dismissing this matter against

the United States without prejudice, this matter is now ripe for filing. (Exhibit D).

WHEREFORE, Plaintiff, AZHAR SAIYED, as Next Friend and Father of HOORAYN

SAIYED, prays for judgment against the Defendant, UNITED STATES OF AMERICA in an amount

in excess of $75,000 plus costs.

## COUNT XVI (FAMILY EXPENSE ACT)
## <u>UNITED STATES OF AMERICA</u>

The Plaintiff, AZHAR SAIYED, by his attorneys, PHILLIPS LAW OFFICES, for his

complaint at law against the Defendants, UNITED STATES OF AMERICA, state as follows:

1.    Plaintiff incorporates each and every Count of this Complaint herein as if fully set

forth herein.

2.    As a direct and proximate result of one of the foregoing negligent acts and/or

omissions by the defendants, the Plaintiff, AZHAR SAIYED has and will in the future incur costs

and expenses pursuant to the Family Expense Act, 750 ILCS 65-15, in the care of his daughter,

HOORAYN SAIYED and for the care of MIKAZNAAZ SAIYED prior to her death.

3.    Attached hereto and made a part hereof is Plaintiff's medical report pursuant to Section

2-622 of the Illinois Code of Civil Procedure. (Exhibit B)

WHEREFORE, the plaintiff, AZHAR SAIYED, asks this Court to enter judgment inhis

12

favor and against the Defendants, UNITED STATES OF AMERICA, and each of them in an amount commensurate with their past and future medical and other expenses incurred for his daughter and wife, plus costs.

Respectfully submitted,

*Stephen Phillips*

Attorneys for Plaintiff

Stephen D. Phillips
Stephen J. Phillips
PHILLIPS LAW OFFICES
161 North Clark Street, Suite 4925
Chicago, Illinois 60601
(312) 346-4262
sphillips@phillipslegal.com
sjphillips@phillipslegal.com

FILED DATE: 6/12/2020 1:58 PM    2020L006328

Date of Death:    6/2/19

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT – PROBATE DIVISION

Case No. _____ 2020 P 002083 _____    Calendar _____ 11 _____

Estate of _____ Mikaznaaz Saiyed _____

                                        Deceased

## ORDER APPOINTING REPRESENTATIVE OF DECEDENT'S ESTATE - INTESTATE

On the **PETITION** of _____ Azhar Saiyed _____
                              [printed name of the Petitioner]

for issuance of Letters of Administration, the Court having been advised that the proposed representative is qualified to act as administrator under §9-1 of the Probate Act of 1975 [755 ILCS 5/9-1];

### IT IS ORDERED THAT:

A.  Letters of Administration issue to _____ Azhar Saiyed _____ as
                                          [printed name of the proposed representative]

| | | | |
|---|---|---|---|
| ☐ Supervised Administrator | 4232 | ■ Independent Administrator | 4230 |
| ☐ Supervised Administrator to Collect | 4249 | ☐ Independent Administrator to Collect | 4248 |
| ☐ Supervised Administrator de bonis non | 4237 | ☐ Independent Administrator de bonis non | 4236 |
| ☐ Supervised Co-Administrators | 4227 | ☐ Independent Co-Administrators | 4231 |

B.  The representative present to the Court:

☐ 1.  an **INVENTORY** as required by §14-1 of the Probate Act of 1975 [755 ILCS 5/14-1] by, or shall appear

before the Court on, _____, at _____M;    ☐ 4192
                    [not more than 60 days after the date of this Order]

☐ 2.  an **ACCOUNT** as required by §24-1 of the Probate Act of 1975 [755 ILCS 5/24-1] by, or shall appear

before the Court on, _____, at _____M.;    ☐ 4297
                    [not more than 14 months after the date of this Order]

☐ 3.  a **FINAL REPORT** as required by §28-11 of the Probate Act of 1975 [755 ILCS 5/28-11] by, or shall appear

before the Court to present a written status report on, __6-25-21__, at __10 A__M    ☐ 4297
                                                        [not more than 14 months after the date of this Order]

C.  If the representative is a nonresident, no assets shall leave the State of Illinois without court order, and the representative's attorney shall act as the representative's resident agent and accept service of process notice or demand required or permitted by law.    ☐ 4262

Attorney Number __40082__

Name __Stephen J. Phillips, Esq.__

Firm Name __Phillips Law Offices__

Attorneys for __Azhar Saiyed__

Address __161 N. Clark Street, Suite 4925__

City/State/Zip __Chicago, Illinois 60601__

Telephone __(312) 346-4262__

Email __sjphillips@phillipslegal.com__

ENTERED:

ENTERED    APR 2 7 2020

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

[Judge]    [Judge's number]

CCP 0314 (Rev. 10/1/2018)    **Dorothy Brown, Clerk of the Circuit Court of Cook County**    Page 1 of 1

**Exhibit A**

FILED DATE: 6/12/2020 1:58 PM    2020L006328

## AFFIDAVIT

NOW COMES your Affiant, **Stephen Phillips**, pursuant to <u>735 ILCS 5/2-622</u>, being first duly sworn on oath, deposes and states that if called to testify before this Court, he would be competent to do so and would testify as follows, all from his personal knowledge:

1.    That he is associated with PHILLIPS LAW OFFICES, attorneys for Plaintiff herein, and is involved in the handling of this case.

2.    That he has thoroughly reviewed the medical records and facts of this case.

3.    That we have consulted and reviewed the facts of this case with a health care professional who the Affiant is informed and believes is qualified by experience and demonstrated competence, practices or has practiced within the last six years in the same area of health care that is at issue, is knowledgeable in the relevant issues involved in this particular action, is licensed to practice medicine in all its branches, and meets the expert witness standards set forth in Section 8-2501.

4.    That said reviewing health care professional has, based on their review of the Plaintiff's medical records, other relevant material, and consultation with Affiant, determined in written reports attached hereto, that there is a reasonable and meritorious cause for the filing of the instant action as against each Defendant.

5.    That your Affiant has concluded based on said consultation and on reviewing the health care professional's review, that there is a reasonable and meritorious cause for filing the instant action.

FURTHER, YOUR AFFIANT SAYETH NOT.

PHILLIPS LAW OFFICES

Stephen Phillips

SUBSCRIBED and SWORN to before me

this 11th day of ___June___, 2020.

Notary Public

OFFICIAL SEAL
KELLY A. WILLOUGHBY
Notary Public - State of Illinois
My Commission Expires 3/06/2022

**Exhibit B**

FILED DATE: 6/12/2020 1:58 PM   2020L006328

I am a physician, licensed to practice medicine for over 35 years. I am board-certified in obstetrics and gynecology and have practiced in that specialty for over 35 years. I am familiar with the standards of care which are related to obstetrics and gynecology generally, as well as applicable to both labor and delivery and the induction of labor.

I have reviewed the pre-natal medical records and medical records of Swedish Covenant Hospital related to the care and treatment of Mikaznaaz Saiyed and Hoorayn Saiyed. I believe there is a reasonable and meritorious basis for filing a medical malpractice action against Swedish Covenant Hospital and its employees and/or agents including but not limited to Dr. Sarah Lambeth and Nursing Midwife Carly Bendzans.

The medical records indicate that Ms. Saiyed experienced an amniotic fluid embolism (AFE) as a result of the improper and unsafe medical treatment, monitoring, and supervision during induced labor including but not limited to the improper use, monitoring, and supervision of labor induction drugs that cause frequent and strong uterine contractions.

The Swedish Covenant medical records reveal that Ms. Saiyed was admitted on the morning of May 29, 2019 for an induction of labor. Ms. Saiyed was given the drugs Cytotec and Pitocin to induce and hasten labor. The administration of these drugs must be carefully monitored and supervised. Ms. Saiyed remained in labor throughout the day and evening of May 29th. The medical records indicate that Ms. Saiyed experienced marked uterine tachystole, which is a condition of excessively frequent uterine contractions. Tachystole is a known risk of these induction agents, while physicians and midwives are trained to know and appreciate the dangers of uterine tachysystole, both generally and specifically when the mother is receiving these drugs.

Alarmingly, the records indicate that despite the presence of uterine tachysystole, an induction drug was inappropriately continued, during which time Ms. Saiyed exhibited

FILED DATE: 6/12/2020 1:58 PM    2020L006328

dangerously strong and frequent uterine contractions. This was a violation of the standard of care, since this drug should have been discontinued immediately. As such, Ms. Saiyed's uterus was not given the appropriate amount of time to relax. This put Ms. Saiyed at substantial risk of an adverse event , such as AFE. It also appears that at this time, baby Hoorayn was experiencing fetal intolerance to labor and demonstrating nonreassuring FHR tracings. It does not appear that an obstetrician or maternal fetal medicine physician personally saw or examined Ms. Saiyed at any time prior to approximately 11:00 P.M., nor does it appear that Ms. Bendzans alerted any obstetrician or maternal fetal medicine physician prior to about 11:00 P.M.. All of the above were violations of the standard of care and constituted unsafe medical practice. Swedish Covenant failed to have in place those safeguards, policies, or procedures that required an obstetrician and/or maternal fetal medicine physician to personally monitor, examine, and evaluate a patient such as Ms. Saiyed. To allow only a nurse or nurse-midwife to physically monitor, examine, supervise and direct Ms. Saiyed's labor (which was complicated and protracted) was inappropriate and also violated the standard of care. The standard of care required Dr. Lambeth to physically evaluate and examine Ms. Saiyed prior to 11:00 P.M.

On the evening of May 29th, Ms. Saiyed experienced symptoms of bradycardia, confusion, and shortly became unresponsive. Baby Hoorayn continued to experience marked fetal intolerance to labor/distress and fetal bradycardia. Indeed, baby Hoorayn was not receiving sufficient oxygen. The rapid response team was called and Dr. Lambeth arrived for what appears to be the first time on that day. The decision was made to perform an emergency Cesarean section. Ms. Saiyed underwent Cesarean section, but unfortunately baby Hoorayn was deprived of sufficient oxygen for a sustained period of time, such that she suffered hypoxic ischemic

FILED DATE: 6/12/2020 1:58 PM    2020L006328

encephalopathy. Her Apgar scores, which measure infant health at the time of birth and shortly thereafter, were poor.

AFE is incredibly dangerous to both mother and fetus and can be deadly. Ms. Saiyed suffered an AFE, disseminated intravascular coagulation, and eventually died (related to multiple complications from this AFE) after being transferred to another hospital.

As per the aforementioned, an obstetrician and/or maternal fetal medicine physician (the standard of care would be identical for a maternal fetal medicine physician or an obstetrician in this situation) needed to physically supervise and direct Ms. Saiyed's labor, as well as personally examine and evaluate her. A reasonably prudent and careful physician and/or nurse-midwife would have recognized that Ms. Saiyed was having dangerously frequent and/or excessive contractions, would have timely intervened and administered medical care and those treatments that were required by the standard of care. If these standards of care had been appropriately met, this AFE, Ms. Saiyed's death, and baby Hoorayn's injuries and damages would have been avoidable.

All of the above violations of the standard of care caused or contributed to Ms. Saiyed's death and baby Hoorayn's injuries and the damages following therefrom.

I could expand on these opinions as more information and materials become available. I reserve the right to amend or supplement this report with further information in the future.

In summary, this tragedy could have been avoided.


Very truly yours,



AER 0 1 2021

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2100
Washington, D.C. 20201

April 6, 2021

**U. S. MAIL CERTIFIED - RETURN RECEIPT REQUESTED**
(Article No. 7019 0700 0000 5320 0426)

Stephen D. Phillips, Esq.
Phillips Law Offices
A Professional Corporation
161 North Clark Street, Suite 4925
Chicago, IL  60601

Re:  **Administrative Tort Claim of Azhar Saiyed as Father and Next Friend
of Hoorayn Saiyed, a minor,** Claim No. 2021-0032

**Administrative Tort Claim of Azhar Saiyed, Individually, and as Administrator of
the Estate of Mikaznaaz Saiyed, Deceased,** Claim No. 2021-0033

Dear Mr. Phillips:

On October 15, 2020, on behalf of your client, Azhar Saiyed, you filed the above-captioned administrative tort claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(a), 2401(b), 2671-80, alleging, *inter alia*, that, on or about May 29, 2019, Dr. Sarah Lambeth and Carly Bendzans, C.N.M., employees of Erie Family Health Centers, located in Chicago, Illinois, were negligent in the labor and delivery care provided to Mikaznaaz Saiyed and Hoorayn Saiyed, resulting in Mikaznaaz Saiyed's wrongful death, personal injury to Hoorayn Saiyed, and Azhar Saiyed's loss of consortium.

The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia*, injury or death caused by the negligent, or wrongful, act or omission of any employees of the Federal Government, while acting within the scope of employment. Under the FTCA, said act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination of your client's administrative tort claims, as required by 28 U.S.C. §§ 2401(b), 2675(a). The administrative tort claims of Azhar Saiyed, individually, and as Administrator of the Estate of Mikaznaaz Saiyed, deceased, and Azhar Saiyed, as father and next friend of Hoorayn Saiyed, a minor, are denied.  The evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment.

**Exhibit C**

Stephen D. Phillips, Esq.
Re:  Claim Nos. 2021-0032 and 2021-0033
Pg. 2

If your client is dissatisfied with this determination, he is entitled to:

1.     File a written request with the Agency for reconsideration of the
       final determination denying the claim within six (6) months from the
       date of mailing of this determination (28 C.F.R. § 14.9); or

2.     File suit against the United States in the appropriate federal district court within
       six (6) months from the date of mailing of this determination (28 U.S.C.
       § 2401(b)).

In the event your client requests reconsideration, the Agency will review the claims
within six (6) months from the date the request is received.   If the reconsidered claims are
denied, your client may file suit within six (6) months from the date of mailing of the final
determination.

Sincerely,

Jennifer B. Smith  Digitally signed by Jennifer B.
                   Smith -S
-S                 Date: 2021.03.31 20:44:59 -04'00'

Jennifer B. Smith
Acting Deputy Associate General Counsel

UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| AHZAR SAIYED, individually and as Administrator of the Estate of MIKANZAAZ SAIYED, deceased, and Next Friend of HOORAYN SAIYED, a minor, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) No. 20 C 5524 ) |
| UNITED STATES OF AMERICA, SWEDISH COVENANT HOSPITAL, SWEDISH COVENANT HEALTH, SWEDITH COVENANT HEALTH SERVICES INC, | ) Judge Dow ) ) ) ) ) |
| Defendants. | ) |

## <u>AGREED ORDER</u>

THIS MATTER coming to be heard following the October 23, 2020 case management conference related to Defendant UNITED STATES OF AMERICA'S Motion to Dismiss for Failure to Exhaust Administrative Remedies (Dkt. 4), the Court being fully advised in the premises, it is HEREBY ORDERED:

1.    Plaintiff's case against Defendant UNITED STATES of AMERICA only is dismissed without prejudice and with an absolute right to refile. The remainder of the case against Defendants, SWEDISH COVENANT HOSPITAL, SWEDISH COVENANT HEALTH, and SWEDISH COVENANT HEALTH SERVICES, INC., is stayed until further order of Court as Plaintiff has submitted his Form(s) 95 to government. Once the Plaintiff has exhausted his administrative remedies, Plaintiff will file a new complaint against the UNITED STATES of AMERICA and move to join the newly filed case with this case (2020 C 5524), at which time this Court will join the cases.

**Exhibit D**

 November 16, 2020

ENTERED:

_____

JUDGE

Phillips Law Offices
161 N. Clark St., Suite 4925
Chicago, Illinois 60601
eservice@phillipslegal.com
(312) 346-4262

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

AHZAR SAIYED, individually and as )
Administrator of the Estate of MIKAZNAAZ )
SAIYED, deceased, and as Father and Next )
Friend of HOORAYN SAIYED, a minor, )
                                    )    No.
          Plaintiffs, )
                                     )
              v. )
                                     )
UNITED STATES OF AMERICA, )
                                     )
          Defendant. )

**AFFIDAVIT**

I, Stephen Phillips, the affiant on oath, states:

The total of money damages sought in this matter does exceed $75,000.00.

_____
Attorney for Plaintiff

SUBSCRIBED AND SWORN TO
Before me this __26th__ day of
_____May_____, 2021

_____
NOTARY PUBLIC

OFFICIAL SEAL
KELLY A. WILLOUGHBY
Notary Public - State of Illinois
My Commission Expires 3/06/2022